Ben E. Dupre (SBN 231191)
DUPRE LAW FIRM, P.C.
1400 Coleman Ave., Suite D-12
Santa Clara, California 95050
Telephone Number: (408) 727-5377
Facsimile Number: (408) 727-5310

Attorney for Debtors
EUTROPIO CORETANA & MARY ELAINE CORETANA

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

In re

EUTROPIO CANEZARES CORETANA &
MARY ELAINE CONTRERAS CORETANA

Debtors.

Case No. 08-43574 LT
Chapter 13
R.S. No. VTP-032

**OPPOSITION TO MOTION FOR RELIEF FROM STAY**

Date: March 6, 2009
Time: 11:00 a.m.
Room: 201

Eutropio and Mary Elaine Coretana hereby oppose the motion for relief from stay filed by Countrywide Home Loans Servicing, L.P.

**INTRODUCTION**

Movant, Countrywide Home Loans Servicing, L.P. lacks standing as it is not "the real party in interest" to enforce the promissory note under California Law. Movant has offered no competent evidence that it is the lender, trustee, or that it is duly authorized to enforce the note as agent for the lender. Movant's own exhibits demonstrate that it lacks standing and is not the real party in interest. The Note nor the Deed of Trust make no reference to Countrywide Home Loans Servicing, L.P. Movant must have competent evidence to support each and every element of its prima facie case. Lomas Mortgage USA v. Elmore (In Re Elmore) 94 B.R. 670,677 (Bankr. C.D. Cal. 1988). California

restricts the power of sale to only the Note Holder, one duly authorized by the Note Holder, or its recorded and legitimate assignee. Movant has failed to establish these crucial requisites.

## II. LEGAL AUTHORITY

A. <u>Countrwide Home Loans LP Has No Power to Enforce the Note and Therefore Is Not the Real Party In Interest.</u>

In order for a party to seek relief from stay, a party must establish that it is "the real party in interest." As the court in <u>In re Kang Jin Hwang</u> 9393 B.R. 701 (Bank. C.D. CA 2008) noted, "a motion for relief from stay is a contested matter, and therefore, must be brought by the real party in interest pursuant to *Fed. R. Civ. P 17(a)(1)*", which applies in all adversary proceedings pursuant to *Fed. R. Bankr. P. 7017*. Pursuant to *Fed. R. Bankr. P. 9014, Fed R. Bankr. P. 7017* applies to all contested matters. *Id.* Hence, failure to satisfy that Movant is the real party in interest renders the motion defective and legally flawed.

Ninth Circuit case law holds that "the real party in interest is the party with the right to sue or enforce a claim under the applicable substantive law." *Id.* Since movant's motion for relief is based on a promissory note, the Court must look to the substantive law that governs negotiable instruments, which in California is the California Commercial Code, Article 3. In most instances, the only person entitled to enforce the note is the "holder" of the note. California Commercial Code section 3-301(a). Hence, "the real party in interest rule requires the holder of the note to bring the motion for relief from stay." *Id.*

Furthermore, assuming the movant is an authorized agent of the lender to enforce the promissory note, it still does not deem it the real party in interest. The action must still be brought in

the name of the noteholder, the real party in interest. As *In Re Hwang* stated unequivocally, "for purposes of seeking relief from the automatic stay under section 362(d) of the BK Code, this means that loan servicers may not seek relief from stay in their own name, if the relief sought is based on a promissory note, and if that note is held by another." "Only the holder of [sic] of the note possesses this right, and qualifies therefore as the real part [sic] in interest." *Id.* Here, movant has improperly brought this motion under its own name and not of the note holders, which according to movant's own exhibit 4 is Countrwide Home Loans, Inc. As a result, movant cannot establish that it is the real party in interest and therefore lacks standing to bring this motion.

### B. Countrwide Home Loans LP Has No Power of Sale

Civil Code section 2932.5 defines who may pursue a foreclosure through a power of sale. "Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, the power is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument." "The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded." Cal. Civil Code section 2932.5. Countrwide Home Loans Servicing LP does not appear anywhere on the Deed of Trust, nor on the Note as the lender and has offered no evidence that the Note has been assigned to it or that it has been duly authorized to enforce the Note. Until Movant is in compliance with Cal. Civil Code section 2932.5, it does not have the Power of Sale and therefore its motion is defective.

### CONCLUSION

Countrywide Home Loans Servicing L.P. failed to submit any evidence that it is the holder of the Note or that the Note has been duly assigned to it. As such, Countrywide Home Loans Servicing

- 3 -
DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM STAY
Case No. 08-43574 - LT
Case: 08-43574    Doc# 24    Filed: 03/04/09    Entered: 03/04/09 18:05:28    Page 3 of 4

| | |
|---|---|
| 1 | LP is not the real party in interest and lacks standing to obtain relief from stay.   The Debtors |
| 2 | respectfully request that the Court deny the motion. |
| 3 | |
| 4 | Respectfully submitted, |
| 5 | |
| 6 | Dated: March 4, 2009 |
| 7 | /s/ Ben E. Dupre |
| 8 | BEN E. DUPRE |
| 9 | Attorney for Debtor |