```
FMARTHA G. BRONITSKY, SBN 127583
CHAPTER 13 STANDING TRUSTEE
LEO G. SPANOS, SBN 261837, STAFF ATTORNEY
NIMA GHAZVINI, SBN 254758, STAFF ATTORNEY
24301 Southland Blvd. Suite 200
Hayward, CA 94545-1541
(510) 266-5580
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

```
In re:                                    CHAPTER 13

                                          CASE NO.  08-43574 RLE 13
EUTROPIO CANEZARES CORETANA
MARY ELAINE CONTRERAS CORETANA
                                          TRUSTEE'S OBJECTION TO DEBTORS'
                                          MOTION FOR HARDSHIP DISCHARGE
           Debtors,


_____/
```

COMES NOW, MARTHA G. BRONITSKY, Chapter 13 Standing Trustee, (Trustee) objects to Debtors' Motion for Hardship Discharge pursuant to 11 U.S.C. §1328 (b)[1].

The Trustee also requests that the Court take judicial notice of its own records in the case herein in support of the facts set forth below. Fed.R.Evid. 201.

---

[1] All code references are to Title 11 of the United States Code unless otherwise stated.

1

## FACTS

Europio Canezares Coretana and Mary Elaine Contreras Coretana ("Debtors") filed this Chapter 13 Bankruptcy on July 10, 2008. Debtors are represented by Ben E. Dupre, Esq.

Debtors' Chapter 13 Plan ("Plan") was confirmed August 26, 2008. (Doc. #15). The Plan provided for payments of $117 per months for 36 months with a zero percent (0%) dividend on general unsecured claims.

Debtors filed a Motion for Hardship Discharge ("Discharge Motion") on September 19, 2011. (Doc. #60). According to Debtor Mary Elaine Contreras Coretana's Declaration filed in support of the Discharge Motion, co-Debtor Eutropio Canezares Coretana passed away on September 13, 2011, and, she is no longer employed. (Declaration of Mary Elaine Contreras Coretana, Doc. #61).

## APPLICABLE LAW & ANALYSIS

**DEBTORS ARE NOT ENTITLED TO A DISCHARGE PURSUANT TO §1328 (b)**

The Trustee respectfully objects to Debtors' Discharge Motion on the grounds that it violates §1328 (b).

11 U.S.C. Section 1328(b) governs when a Court may grant a discharge to a debtor that has not completed payments under the plan. It provides –

> **(b)** Subject to subsection (d), at any time after the confirmation of the plan and after notice and a hearing, the court may grant a discharge to a debtor that has not completed payments under the plan only if—
> **(1)** the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;
> **(2)** the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 of this title on such date; and

2

> **(3)** modification of the plan under section 1329 of this title is not practicable.

11 U.S.C. §1328(b).

## A. Debtors' Motion is ambiguous as to who is seeking a Hardship Discharge.

Debtors' motion is vague and ambiguous as to who is seeking the grant of Hardship Discharge. The Motion does not indicate whether the discharge sought is to apply only to the deceased Debtor, Mr. Coretana, or as to both Debtors. The ambiguity is not helped by Mrs. Coretana's Declaration which indicates that she no longer receives Social Security benefits of her deceased husband and that she is unemployed. On or about September 21, 2011, Mr. Nima Ghazvini, Staff Attorney to the Trustee, received a voicemail for Debtors' Attorney which indicated that Mrs. Coretana would maintain her case. However, the Motion itself is vague on this issue.

## B. Debtors have not demonstrated that a modification of the plan under §1329 is not practicable.

Debtors have yet to demonstrate that modification of the Plan is not practicable. While Mr. Coretana's Social Security income is no longer available, and Mrs. Coretana is no longer employed, economic circumstances could change. There is no indication that Mrs. Coretana's unemployment is anything but temporary. Mrs. Coretana could modify the Plan to suspend payments for a short time during this tough time, and, resume payments and complete the Plan. If Debtors were to continue their monthly Plan payments, they could complete the Plan in 9 months. This would be a practicable alternative.

3

**C. Debtors still have unpaid balances on secured and priority claims.**

While the Trustee has been distributing pursuant the Plan, there is still unpaid balances on Debtors' secured and priority debts. If Debtors were to continue their monthly Plan payments, they could complete the Plan in 9 months having paid 100% of their secured and priority claims. The remaining balance owed on these claims are secured claims of eCast Settlement and Glen Eden Garden HOA, as well as the remainder of the attorney's fees. In a Hardship Discharge these claims will not be discharged and Debtors' estate will be liable for this claim if it is not paid resulting in foreclosure or repossession.

**D. Debtors have no provided proof of authority to legally represent the Debtor's estate.**

Debtors have not provided proof of authority to legally represent the deceased Debtor's estate. This proof may be in the form of consent form a Court appointed administrator or Debtor's estate or executor. Once the administrator (or executor) of the deceased Debtor's estate is involved, the Court may determine whether "further administration is possible and in the best interest of the parties" under Rule 1016 or whether a modification is "practicable" or desired by the heirs.

///
///
///

4

**CONCLUSION**

WHEREFORE, the Trustee respectfully requests that this Court find that all the requirements of § 1328(b) have not been met and deny Debtors' Motion for Hardship Discharge.

RESPECTFULLY SUBMITTED

<u>September 30, 2011</u>                    <u>/s/Martha G. Bronitsky 5909</u>
DATE                                Martha G. Bronitsky, Esq.
                                    Chapter 13 Standing Trustee

5